1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN A. W.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. C23-5561-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION** |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ harmfully misevaluated two medical opinions. Dkt. 7. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

In evaluating the medical evidence, the ALJ must articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

1    Plaintiff first contends the ALJ misevaluated the opinions of neurologist Robert Moore,

2    M.D. Dr. Moore examined Plaintiff and found Plaintiff had minimally unsteady gait, slight

3    difficulty walking on his heels and toes, and moderate impairment in tandem gait, but normal

4    strength and intact coordination. Tr. 24. The ALJ found Dr. Moore's opinion persuasive, and

5    partially supported by physical exam. *Id.* However, the ALJ discounted the doctor's opinion that

6    Plaintiff is limited to two hours of standing or walking on the grounds the opinion was

7    inconsistent with Plaintiff's testimony that he walked one mile roundtrip to Walmart several

8    times a week. Tr. 24.

9    There is no evidence Plaintiff's one mile roundtrip walk to Walmart exceeded two hours

10   and it would be unreasonable to simply assume such a walk would. The Court thus concludes

11   substantial evidence does not support the ALJ's finding that Plaintiff's testimony contradicts Dr.

12   Moore's opinion.

13   The ALJ also noted Dr. Moore assessed "frequent manipulative activities on the right but

14   none on the left." *Id.* The ALJ rejected this limitation because "the claimant demonstrated

15   normal upper extremity strength" and because Dr. Moore's "opinion is somewhat consistent with

16   subsequent normal neurological findings." This rationale is not supported by substantial

17   evidence. First, the ALJ's description of the limitations Dr. Moore assessed does not capture all

18   limitations assessed. Dr. Moore stated:

19                   With the right upper extremity, the claimant can frequently but not
                     continuously push and pull. The claimant would have slight
20                   difficulty operating hand controls and using tools. The claimant
                     can perform simple gripping and distal fine coordinated
21                   movements with the hands and the fingers. The claimant has
                     unrestricted use of the left arm.
22

23   Tr. 956. Before rendering this opinion, Dr. Moore noted that while Plaintiff has normal strength

     in his extremities, he "reports diminished sensation to soft touch, distantly, in a scattered pattern

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 2

1   to the right elbow, and in the right side." Tr. 955. Hence, even assuming the ALJ reasonably

2   questioned the "frequently" versus "continuous" limitation that Dr. Moore assessed, the ALJ

3   failed to address or give reasons to discount Dr. Moore's opinion Plaintiff would also have slight

4   difficulty operating hand controls and using tools. The latter limitations flow from Dr. Moore's

5   notation that Plaintiff reported sensory limitations on the right side, which the ALJ did not

6   discuss.

7           The Court notes the ALJ's statement Dr. Moore's "opinion is somewhat consistent with

8   subsequent normal neurological findings" is both confusing and unclear. The ALJ did not

9   indicate the subsequent findings contradict or degrade the limitations Dr. Moore assessed and

10  thus the Court concludes the ALJ's statement is not a specific and legitimate reason to discount

11  all of Dr. Moore's opinions. The Court accordingly concludes the ALJ erred in discounting all of

12  Dr. Moore's opinions.

13          Plaintiff also contends the ALJ misevaluated the opinions of treating provider Michael

14  Garrett, ARNP.  The ALJ rejected ARNP Garrett's opinion Plaintiff is severely limited in his

15  mental functioning as "unsupported by the record." Tr. 24.

16          The regulations require the ALJ to make supportability and consistency findings in

17  assessing a medical opinion that are supported by substantial evidence. Supportability means the

18  extent to which a medical source supports the medical opinion by explaining the "relevant ...

19  objective medical evidence." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). In contrast,

20  consistency means the extent to which a medical opinion is "consistent ... with the evidence from

21  other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2),

22  416.920c(c)(2).

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 3

Hence, while the ALJ stated he discounted ARNP Garrett's opinion as "unsupported" by the record, what the ALJ meant was the ARNP's opinion was not "consistent" with other evidence of record. Indeed, the ALJ rejected the ARNP's opinion Plaintiff has mood lability and difficulty in the ability to maintain attendance and complete a normal workday without psychological interruptions by stating "the record showed" "mostly normal/appropriate mood post CVA and resection of meningioma," and Plaintiff "demonstrates intact cognition."  Tr. 24.

The Commissioner argues ARNP Garrett's opinions are "unsupported." Dkt. 10 at 6. As the ALJ made no supportability findings and instead rejected the ARNP's opinion as not "consistent" with the record the Court declines to adopt the Commissioner's position. Given the determination the ALJ made, the proper focus of the ALJ's assessment of ARNP Garretts' opinions is thus whether the ALJ correctly found the opinions are not consistent with the record.

Plaintiff contends the ALJ's findings are erroneous because the ARNP opined Plaintiff could meet attendance requirements, contrary to the ALJ's finding the ARNP opined otherwise. The record shows the ARNP opined Plaintiff's ability to maintain regular attendance and be punctual within customary usually strict tolerance was "limited but satisfactory." Any error the ALJ committed in incorrectly finding Plaintiff was more limited as to regular attendance is thus harmless because as Plaintiff concedes, he is not limited in this regard.

Plaintiff also argues the ALJ erred because the ARNP's opinion is not based upon mood lability and is instead based upon his opinion that Plaintiff is unlikely to recover from cognitive impairment. ARNP Garrett stated "Patient had meningioma with right frontal resection – location makes altered judgment and mood lability very likely," omitted "emotional lability" as one of Plaintiff's symptoms, Tr. 1315, but indicated "mood lability," *id.*, is a side effect of the medications Plaintiff takes, Tr. 1316, and that Plaintiff's impairments are consistent with

1   "Imaging (CT, MRI), PHQ-9; GAD-& *Frontal brain injuries, often greatly worsen judgment,

2   mood lability, decision making and other executive functions." Tr. 1317.

3        The ARNP's statements thus indicate "mood lability" plays a role in Plaintiff's functional

4   limitations. To be sure, the ARNP also noted "patient will probably not have further cognitive

5   recovery" and that his symptoms include "difficulty remembering, confusion, and difficulty

6   solving problems" but this statement does not exclude mood lability as a factor affecting

7   functioning. Tr. 1315. The record accordingly shows the ARNP indicated both mood lability and

8   cognitive decline affected Plaintiff's ability to perform gainful work activity.

9        The Commissioner contends the ALJ properly rejected ARNP Garrett's opinions because

10  "as the ALJ pointed out clinicians repeatedly found normal or appropriate mood and cognition.

11  Dkt. 10 at 6. However, in discussing the ARNP's opinion, the ALJ rejected it without citing to

12  any specific portion of the record. The ALJ thus failed to provide a specific and legitimate reason

13  to discount the opinion. *See Sonja S. Commissioner of Social Security*, No. C21-5667-RSM,

14  2022 WL 420824 at * 3 (W.D. Wash., Feb 11, 2022) (The new regulations require the ALJ

15  provide specific and legitimate reasons to reject doctor's opinion).

16       Although the ALJ failed to site to specific portions of the record, the Commissioner cites

17  to medical records at Tr. 945, 1005 and 1011 to support the ALJ's finding. The ALJ did not

18  provide these citations and thus the Commissioner's argument is a post hoc argument upon

19  which the Court cannot rely. In any event, the Commissioner's record citations are not

20  substantial evidence that supports the ALJ's determination. The medical note at Tr. 945 was

21  created on June 12, 2019. It is not a mental health assessment and simply indicates "[t]he patient

22  is awake and alert."  This note does not set forth Plaintiff's cognitive functioning.

23

The note at Tr. 1005 was based upon a March 3, 2021, visit for hypertension and indicates "Psychiatric: Pleasant; Good eye contact and well groomed; normal range of expression when speaking." This note also does not comment on whether there was mood or any other mental health issues and does not set forth Plaintiff's cognitive functioning.

The note at Tr. 1011[1] was based upon a June 15, 2021, and states "Mental status: awake and alert. Fully oriented to person, time and places with normal attention span and concentration. Recent and remote memory are intact with a good fund of knowledge. Speech is fluent and appropriate." This note tends to undercut ARNP Garrett's opinion Plaintiff is "unable to meet competitive standards" regarding "remember work-like procedures" or understand and remember short simple instructions. Tr. 1316. But it is a single record, and thus alone, is not substantial evidence to support the ALJ's finding that "the record" is not consistent with ARNP Garrett's opinion. The Court accordingly concludes the records proffered by the Commissioner do not constitute substantial evidence that undermine the ARNP's opinions.

The ALJ also discounted ARNP Garrett's opinion because Plaintiff only recently started "behavioral treatment." The ALJ failed to explain how or why this is relevant to ARNP's opinion and the Court thus rejects the rationale as an insufficient conclusory statement. *Cf. Embrey v. Bowen*, 849 F.2d 418 (9th Cir.1988) (Conclusory reasons do not justify an ALJ's rejection of a medical opinion).

And lastly the ALJ rejected ARNP Garrett's opinion as inconsistent with Plaintiff's "independence in daily activities that includes caring for his disabled father and occasionally watching his grandchildren." Tr. 24. The ALJ did not articulate why Plaintiff's care and occasional watching of grandchildren were inconsistent with the ARNP's opinions. There are no

---

[1] The Commissioner incorrectly indicated the record at Tr. 1010 supported the ALJ.

facts discussed, for instance, that indicates Plaintiff engaged in activities that exceeded the limits

assessed by the ARNP. Tr. 370.  In his function report, Plaintiff describes his daily activities to

include bathing, takes pills, sometimes walking to Walmart ½ mile away, and mostly watching

TV. Tr. 370. These are not activities that are inconsistent with the ARNP's opinions. The Court

accordingly concludes substantial evidence does not support the ALJ's finding that Plaintiff's

activities contradict ARNP Garrett's opinions.

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ harmfully erred in rejecting the

opinions of Dr. Moore and ARNP Garrett. The error is harmful because the RFC determination

and the hypothetical question to the vocation expert do not account for all of the limitations the

medical sources assessed. The Court accordingly **REVERSES** the Commissioner's final

decision and **REMANDS** the case for further administrative proceedings under sentence four of

42 U.S.C. § 405(g).  On remand, the ALJ shall reevaluate the opinions of Dr. Moore and ARNP

Garrett, develop the record and redetermine residual functional capacity as needed, and proceed

to the remaining steps of the disability evaluation process as appropriate.

DATED this 14th day of November, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge